JOHN P. HARPER, KSCN 21596
harper@harperlawks.com
JOHN BODLE, KSCN 13996
bodle@harperlawks.com
HARPER LAW OFFICE
214 SW 6th, Suite 206 - P.O. Box 2686
Topeka, KS 66601-2686
Tel 785/354-8188 - Fax 785/232-4159
Attorneys for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS AT TOPEKA

DARYL LINN COMPTON, xxx-xx-4858  )
PAMELA SUE COMPTON, xxx-xx-7583  )
2916 SE Virgo Ave., Topeka, KS 66605-1891  )
_____  )  Case No. 10-42172

## CHAPTER 13 PLAN

Debtors (hereinafter "debtor") propose:

1. PLAN PAYMENT: $2350.00 per month by debtor pay order directed to debtor.

    \*   Debtor is required to make the first plan payment within 30 days of the date of filing of the bankruptcy petition. If debtor has requested that plan payments be made via employer withholding order and withholding has not begun within 30 days of filing, debtor is required to make all interim plan payments directly to the Chapter 13 Trustee.

2. GENERAL PROVISIONS: Based upon Debtor's Official Bankruptcy Form 22C, the Applicable Commitment Period (ACP) for this Plan is 60 months. Based upon debtor's Official Bankruptcy Form 22C, the debtor's Disposable Monthly Income (DMI) is $1766.98. Multiplying the ACP by the DMI results in a pool of $106,018.80. This amount is required to be paid to general unsecured creditors (including attorney fees) over the length of the plan, and is in addition to any amounts required to be paid through the plan under the "Best Interests of Creditors" test under 11 U.S.C. 1325(a)(4) (See Paragraph 19). This amount is included in the plan payment listed above in Paragraph 1. Debtor reserves the right to extend the plan length up to 60 months. The amount proposed to be paid through this plan for general unsecured debt is at least the amount required to be paid for the ACP as determined by Official Bankruptcy Form 22C.

    \*   THIS IS AN ABOVE THE LINE CASE

    \*   IT IS ANTICIPATED THAT THERE **WILL BE** FUNDS PAID TO GENERAL UNSECURED CREDITORS THROUGH THIS PLAN

    \*   THIS PLAN IS REQUIRED TO RUN 60 MONTHS

3. ADMINISTRATIVE: Proposed pre-confirmation attorney fees are $3300.00. In addition, debtor proposes to pay $300.00 in attorney fees for work associated with the cost of closing the case. The $300.00 closing fees shall be held by the trustee until the case is completed and paid to Harper Law Office upon the filing of the Motion for Discharge and the Certifications of Completion. If the case is dismissed or converted to another Chapter prior to completion, the $300.00 shall be refunded to the debtor upon dismissal or conversion. The agreed-upon attorney fee to be paid through the Chapter 13 plan is $3600.00. Any extra-ordinary tasks performed by debtors' counsel shall be compensated according to the Agreement for Services executed in conjunction with this case, and shall be paid through the Chapter 13 plan. Any extra-ordinary fees sought for work in addition to the afore-mentioned fee shall be subject to approval of the Court. Should this case be

dismissed or converted to another Chapter under U.S.C. Title 11, any unpaid fees shall be paid directly to counsel to the extent allowed. The debtor has paid $0.00 to counsel prior to filing. The attorney fees will be paid over approximately 24 months, to the extent possible. If debtor has proposed equal monthly installments to be paid to certain creditors, those funds that were designated for attorney fees will be paid pro rata to secured creditors, in addition to the proposed fixed monthly payment, after attorney fees are paid. The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by him. Counsel for debtor reserves the right to submit additional fee applications either on a time and charges basis or for specific tasks.

4. FILING FEE: The filing fee of $274.00 will be paid by the Trustee from payments made by the debtor.

5. FINANCIAL MANAGEMENT COURSE FEES: Financial Management Course fees will be paid by the Trustee through the plan to the agency providing the course to the extent possible from the first plan payments made by the debtor e upon a showing that the course has been completed and the filing of an allowed proof of claim.

6. TAX REFUND FOR THE YEAR IN WHICH THE DEBTOR FILED THIS BANKRUPTCY. Debtor will immediately pay over to the Trustee the tax refund upon receipt. The Trustee will remit to the debtor any portion of the refund that debtor is entitled to retain. The Trustee will honor any assignment of the tax refund to debtor's attorney and promptly remit such funds to debtor's attorney. The Trustee will not retain a trustee's fee on amounts of the refund remitted to debtor or to debtor's counsel pursuant to the tax assignment.

7. TAX RETURNS: Federal and state tax returns for the preceding four (4) years have been filed. Debtor will timely file all tax returns during the pendency of this case.

8. DOMESTIC SUPPORT OBLIGATIONS (DSO): Debtor shall remain current on ongoing domestic support obligations during the pendency of this bankruptcy case. Any arrearage that existed as of the date of filing of this case will be paid through the Chapter 13 plan. Below is a summary of all domestic support obligations owed, including child support, maintenance, property settlement and third party debt repayment, with the names of the creditors and amounts owed. Debtor has provided the Chapter 13 Trustee with the name and address for each domestic support obligation creditor.

    NONE KNOWN

9. PRIORITY TAX CLAIMS: Debtor shall pay all allowed priority claims under 11 U.S.C. 507, without post petition interest. Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtor for those taxes except any tax debt rendered non-dischargeable by action of 11 U.S.C. 1328(a). Unless placed in controversy, the specific dollar amount to be paid shall be in accordance with the creditor's proof of claim. Unless objected to, the claim shall be deemed allowed. (Certain tax claims may be secured and will be treated accordingly, if such exists).

    NONE KNOWN

10. PROPERTY TO BE SURRENDERED: The property listed below will be surrendered as indicated. Any creditor seeking to repossess and/or foreclose the property described in this section prior to confirmation must seek and obtain an order from the Court granting relief from the automatic stay, unless the automatic stay no longer applies under 11 U.S.C. 362(c). <u>Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a motion to lift stay in order to repossess, foreclose upon or sell the collateral.</u> This provision does not lift any applicable co-debtor stay or abrogate debtor's state law contractual rights. Unless specifically otherwise indicated, creditors with a security

interest in collateral to be surrendered shall be allowed to file a general unsecured deficiency claim.

NONE KNOWN

11. REAL ESTATE MORTGAGES:

Debtor is current on the following real estate mortgage obligations and shall continue to make ongoing payments direct to the real estate mortgage creditor. In the event Debtor becomes delinquent on such obligations after the bankruptcy petition date, debtor shall make future ongoing payments through the Plan pursuant to Standing Order 08-1 and comply with all provisions thereof.

| REAL PROPERTY CREDITOR | MO. PYMT AMT. | EST. ARREARS | EST. TOTAL DEBT |
|---|---|---|---|
| CitiFinancial | $2308.00 | $0.00 | $267,726.00 |

12. NON-REAL ESTATE SECURED CREDITORS: All non-real estate secured creditors shall retain their liens pursuant to 11 U.S.C. 1325(a)(5) and shall release their liens on the collateral at discharge.

All adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). A Proof of Claim must be on file before adequate protection payments will be disbursed. Any adequate protection payments made pre confirmation shall be credited against the allowed principal secured portion of the creditor's claim. If no adequate protection payment is specified, Debtor proposes that creditors will be adequately protected by Debtor promptly beginning to make monthly payments under the Plan, and for the Trustee to disburse as soon as is practicable. If confirmation is delayed, Debtor will join the Trustee in seeking disbursement of plan payments as if the plan was confirmed when appropriate.

The proposed monthly payments are estimates. The amounts may be adjusted up or down by the Trustee, at his discretion, as is necessary to make the plan feasible and to pay the secured creditors as required. Debtor reserves the right to increase payments to the secured creditors beyond the estimated equal monthly payment amount, as Debtor may be willing and able to pay. The following subsections (A, B, and C) address non-real estate mortgage secured creditors:

   a. GENERAL SECURED CREDITORS: The following are general secured creditors and shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount / "Till" rate (Prime plus 1.5%). The Plan shall determine the value of the collateral.

   | Known Creditor | Estimated Debt | Estimated Value | Amount to be Paid | Equal Payment/ Adequate Prot * |
   |---|---|---|---|---|
   | HSBC | $10761.00 | $5000.00 | $5000.00 | $500.00 |

   Collateral: 2007 Yamaha WaveRunner
   Method of Determining Value: Comparison

   * Based on average depreciation, the proposed equal payment exceeds the expected rate of depreciation. As a result, no separate adequate protection payment is required. If no adequate protection payment is specified, debtor proposes that creditors will be adequately protected by debtor promptly beginning to make payments under the plan and for the Trustee to disburse as soon as practicable.

3

---

| Known Creditor | Estimated Debt | Estimated Value | Amount to be Paid | Equal Payment/ Adequate Prot * |
|---|---|---|---|---|
| NFM | $2348.00 | $500.00 | $500.00 | $50.00 |

Collateral: Furniture
Method of Determining Value: Comparison

\* Based on average depreciation, the proposed equal payment exceeds the expected rate of depreciation. As a result, no separate adequate protection payment is required. If no adequate protection payment is specified, debtor proposes that creditors will be adequately protected by debtor promptly beginning to make payments under the plan and for the Trustee to disburse as soon as practicable.

---

| Known Creditor | Estimated Debt | Estimated Value | Amount to be Paid | Equal Payment/ Adequate Prot. * |
|---|---|---|---|---|
| Suzuki | $21698.00 | $16000.00 | $16000.00 | $1000.00 |

Collateral: 2008 Suzuki XL7
Method of Determining Value: NADA

\* Based on average depreciation, the proposed equal payment exceeds the expected rate of depreciation. As a result, no separate adequate protection payment is required. If no adequate protection payment is specified, debtor proposes that creditors will be adequately protected by debtor promptly beginning to make payments under the plan and for the Trustee to disburse as soon as practicable.

b. 910 CAR LOAN SECURED CREDITORS: The following are "910" creditors as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, for debts incurred within 910 days prior to the filing of the bankruptcy petition. Debtor proposes to pay the following 910 Creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

NONE KNOWN

c. ONE-YEAR LOAN CREDITORS: The following are "one-year loan" creditors, as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in personal property, other than a motor vehicle acquired for the personal use of the Debtor, for debts incurred within one-year preceding the filing of the bankruptcy petition. Debtor proposes to pay the following "one-year loan" creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

NONE KNOWN

13. LIEN AVOIDANCES: Debtor will seek to avoid the following liens under 11 U.S.C. 522(f) by the filing of an appropriate motion:

    NONE ANTICIPATED

14. SPECIAL CLASS CREDITORS: Special Class Creditors, if any, are to be paid as specified. Unless otherwise ordered by the Court, Special Class Creditors shall NOT share pro rata in the amount to be paid to unsecured creditors as determined by Form 22C or the liquidated value of the estate per the "Best Interests of Creditors Test".

    NONE PROPOSED

15. STUDENT LOAN OBLIGATIONS: The following student loan creditor shall share, pro rata, with other general unsecured creditors. Debtor is aware that interest will continue to accrue post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of the debt and prevails on the merits.

    | CREDITOR | ESTIMATED AMOUNT OF DEBT |
    |---|---|
    | Sallie Mae | $12000.00 |

16. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made by the Debtor direct to the creditor, unless otherwise specified. Any executory contracts and/or unexpired leases not specifically addressed on Schedule G will be cancelled upon confirmation of this plan, and any remaining claims for such shall be treated as general unsecured claims subject to discharge.

17. PLAN AMENDMENTS: Debtor hereby reserves the right to modify this Plan pursuant to 11 U.S.C. 1329 and to include post-petition debt pursuant to 11 U.S.C. 1322(b)(6).

18. GENERAL UNSECURED CREDITORS: General unsecured claims will be paid after all other unsecured claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form 22C or through the satisfaction of the "Best Interests of Creditors Test" pursuant to 11 U.S.C. 1325(a)(4), whichever is higher.

19. "BEST INTERESTS OF CREDITORS TEST": Pursuant to 11 U.S.C. 1325(a)(4), the liquidation value of Debtor's nonexempt property is approximately $1125.00, representing 75% of the estimated value of a 1999 Lincoln Navigator. This amount is included in the monthly Plan payment Debtor proposes above in Paragraph 1.

20. PROPERTY OF THE ESTATE: In addition to the property specified in 11 U.S.C. 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

21. EFFECT OF CONFIRMATION: <u>ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION</u>. If a creditor files a secured claim that is not provided for in the Plan, the claim shall be allowed as filed unless objected to by the Debtor or resolved by plan amendment or agreement of the parties. All property of the estate will revest in the Debtor(s) at discharge, unless otherwise ordered by the Court pursuant to 11 U.S.C. 1322(b)(9). <u>ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH

<u>CREDITOR IS PROVIDED FOR BY THE PLAN AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.</u>

Confirmation of the Plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 U.S.C. 1322 and 1325, and that Debtor has fulfilled all of their pre-confirmation obligations under 11 U.S.C. 521.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS AT TOPEKA

DARYL LINN COMPTON, xxx-xx-4858 )
PAMELA SUE COMPTON, xxx-xx-7583 )
2916 SE Virgo Ave., Topeka, KS 66605-1891 )
_____ ) Case No. 10-42172

CHAPTER 13 PLAN – SIGNATURE PAGE

Date: December 4, 2010      Name: /s/ Daryl Linn Compton

Date: December 4, 2010      Name: /s/ Pamela Sue Compton

7